UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 0343 |
| v. | ) | |
| | ) | Chief Judge James F. Holderman |
| | ) | |
| YVETTE BELER | ) | |
| | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a 30-day extension of time, to and including June 28, 2008, in which to seek the return of an indictment or file an information against the defendant Yvette Beler, for the following reasons:

1.     Defendant Yvette Beler was arrested on April 29, 2008.  On April 28, 2008, the government charged Yvette Beler by way of complaint with devising and intending to devise, and participating in, a scheme and artifice to defraud the State of Illinois of money, property, and the intangible right to the honest services of defendant, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and material omissions, and in furtherance thereof used the United States mails, in violation of Title 18, United States Code, Sections 1341, 1346 and  2.

2.     The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest.  18 U.S.C. § 3161(b).  Accordingly, the earliest deadline for indictment or information in the case is presently May 29, 2008.

3.      The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension.  Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal.  The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.      Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on her arrest will not be sufficient.  The United States estimates that a 30-day extension from the current expiration date of May 29, 2008, to and including June 28, 2008, will be sufficient time within which to return an indictment or information in this matter.

5.      The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Among the non-exclusive factors a court may consider are:

a.      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

b.      Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.  18 U.S.C. § 3161

(h)(8)(B)(iii); and

      c.     Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

     6.     The government respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

     7.     Counsel for the government has spoken with Beler's attorney, Don Young, on behalf of Yvette Beler, who has who stated he has no objection to this extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 30-day extension of time from May 29, 2008, to and including June 28, 2008, in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:    s/ *Margaret A. Hickey*
       Margaret A. Hickey
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 353-5349

Dated: May 23, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

## GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME  TO RETURN INDICTMENT OR TO FILE AN INDICTMENT

was served on May 23, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

By:    s/ *Margaret A. Hickey*
MARGARET A. HICKEY
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-7633

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.    08 CR 0343 |
| | ) | |
| YVETTE BELER | ) | Chief Judge James F. Holderman |
| | ) | |
| | ) | |

**O R D E R**

Upon the Government's Motion, under Title 18, United States Code, Section 3161(h)(8)(A) & (B), for an extension of time in which to return an indictment in the above-captioned case,

IT IS HEREBY ORDERED that the time within which to file an indictment against the defendant be extended from April 29, 2008, to and including May 29, 2008. Specifically, this Court finds that the ends of justice served by the extension outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant such an extension would deny the government the reasonable time necessary for effective preparation of the evidence for presentation to the Grand Jury, taking into account the exercise of due diligence.

ENTERED:

_____
JAMES F. HOLDERMAN
Chief Judge

DATED: _____